UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BECKY McCLAIN, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 3:06-cv-1795 (VLB) |
| PFIZER, INC., | : | |
|     Defendant. | : | March 7, 2008 |

## <u>MEMORANDUM OF DECISION AND ORDER GRANTING IN PART AND DENYING IN PART THE DEFENDANT'S MOTION TO DISMISS [Doc. #32]</u>

The plaintiff, Becky McClain ("McClain") initiated this action against her former employer, Pfizer, Inc. ("Pfizer"), asserting eight claims for relief following Pfizer's termination of her employment: 1) breach of an oral employment contract and common law wrongful termination; 2) violation of Connecticut General Statutes § 31-51m (the "whistleblower statute"); 3) violation of Connecticut General Statutes § 31-51q; 4) promissory estoppel; 5) defamation; 6) negligent misrepresentation; 7) failure to keep a safe work environment; and 8) willful and wanton misconduct. Pfizer now moves to dismiss all eight counts of the complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons hereinafter set forth, Pfizer's motion to dismiss is GRANTED as to counts one, four, five, six, and seven, and DENIED as to counts two, three, and eight.

### I. Facts

McClain asserts the following facts in her amended complaint [Doc. #30]

1

unless noted otherwise, and are taken as true for purposes of this motion.  See Section II, below.  Pfizer employed McClain as a research scientist from August 1995 until her termination on May 26, 2005.  In 2000, McClain transferred to the Human Health Embryonic Stem Cells Technologies, Genomic and Proteomic Sciences and Exploratory Medicinal Sciences Group located in Groton, CT (the "Groton Lab"), where she worked until her termination.  Her job duties included research and scientific studies regarding the development of vaccines and embryonic stem cell technologies.  McClain received consistently favorable performance reviews through 2002 that described her as hard working and diligent.

In September 2002, McClain was working with a laminar hood in lab B313 when she noticed a noxious odor.  Shortly thereafter, McClain and others in lab B313, including her supervisor John Hambor ("Hambor"), became ill.  The presence of the odor and subsequent illness were reported and Pfizer assured McClain the problems with the laminar hood in lab B313 would be rectified.  Hambor cautioned McClain not to make "too big an issue out of lab safety" or he would falsify her future performance reviews in a negative manner and possibly have her terminated.  McClain lodged further complaints about health and safety conditions in the Groton Lab throughout the next several months.  Hambor aggressively threatened McClain following her complaints about lab safety, and during a February 4, 2003, encounter, forcibly backed McClain into a wall.

On April 8, 2003, Hambor requested an investigation into the health and

safety conditions in lab B313, noting the noxious odor appeared each time the laminar hood was activated, and that he suspected the causative agent now rested in lab B313 itself. In May 2003, McClain requested a transfer from lab B313 based on her safety concerns. During the summer of 2003 McClain, continuing to work in lab B313, developed symptoms of chronic fatigue and joint pain. In September 2003, McClain ceased reporting directly to Hambor. In December 2003, McClain transferred from lab B313 to an office located in room B312. In January 2004, Hambor gave McClain a 2003 performance review that characterized her work as below average.

On February 24, 2004, McClain began a medical leave of absence due to fatigue, joint pain, numbness in her face, difficulty sleeping and suspicion of multiple sclerosis. She continued to raise concerns over health and safety at the Groton Lab while on medical leave. In April 2004, Pfizer's Human Resources Department sent McClain a letter assuring her that the company would not retaliate against her for raising health and safety concerns at the Groton Lab.

In early October 2004, McClain contacted the Occupational Safety & Health Administration ("OSHA") requesting an investigation of the conditions at the Groton Lab. On October 20, 2004, dated after McClain requested the OSHA investigation, Pfizer placed McClain on unpaid leave and stated her employment would be terminated on October 26, 2004, for "job abandonment" if she did not return to work by October 26. She never returned to work.

McClain formally filed an OSHA complaint against Pfizer on November 18,

2004. Pfizer terminated McClain's employment on May 26, 2005. On November 17, 2005, following a hearing, OSHA dismissed McClain's complaint in its entirety. She appealed OSHA's findings to an Administrative Law Judge ("ALJ"), who denied her appeal on March 2, 2006. In a September 27, 2006, letter, the Secretary of Labor confirmed the ALJ's findings.[1]

McClain filed her complaint on October 11, 2006. [Doc. #1] She amended the complaint on February 16, 2007, asserting that Pfizer: 1) breached an oral contract and committed common law wrongful termination by terminating her employment; 2) violated the whistleblower statute; 3) violated Connecticut General Statutes § 31–51q; 4) was prevented from terminating her employment by promissory estoppel; 5) defamed her character; 6) committed negligent misrepresentation; 7) violated Connecticut General Statutes § 31–49; and 8) committed willful and wanton misconduct. [Doc. #30] On March 12, 2007, Pfizer moved to dismiss the complaint in its entirety for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). [Doc. #32]

## II. Standard

"In reviewing a Rule 12(b)(6) motion, this Court must accept the factual allegations of the complaint as true and must draw all reasonable inferences in

---

[1] McClain referenced OSHA's investigation in her complaint but did not attach its letters as exhibits to the complaint or provide a detailed description of OSHA's processes. OSHA's letters to McClain dated November 17, 2005, March 2, 2006, and September 27, 2006, were attached as exhibits to Pfizer's memorandum of law in support of the motion to dismiss. [Doc. #32, Ex. 2-3]

4

favor of the plaintiff." Bernheim v. Litt, 79 F.3d 318, 321 (2d Cir. 1996). "A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Villager Pond, Inc. v. Town of Darien, 56 F.3d 375, 378 (2d Cir. 1995) (internal quotation omitted). The pleading shall not be dismissed merely because recovery seems remote or unlikely. Bernheim, 79 F.3d at 321.

In deciding a motion to dismiss, the court may consider "only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken." Samuels v. Air Transp. Local 504, 992 F.2d 12,15 (2d Cir. 1993). Generally, "if, on a motion under Rule 12(b)(6) . . ., matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). "In certain circumstances, the court may permissibly consider documents other than the complaint in ruling on a motion under Rule 12(b)(6). Documents that are attached to the complaint or incorporated in it by reference are deemed part of the pleading and may be considered. In addition, even if not attached or incorporated by reference, a document upon which the complaint solely relies and which is integral to the complaint may be considered by the court in ruling on such a motion." Roth v. Jennings, 489 F.3d 499, 509 (2d Cir. 2007) (internal quotations and citations

5

omitted) (consideration of documents filed with the SEC appropriate because their authenticity is not questioned and the court considers them on a 12(b)(6) motion only for their statements and not the truth of their contents). Accordingly, the court considers the OSHA letters attached as exhibits to the memoranda of law regarding this motion but not the complaint without converting this motion to one for summary judgment.

### III. Discussion

#### A. Exclusivity of the Whistleblower Statute

McClain asserts claims of both breach of an oral contract and common law wrongful termination in count one of the operative amended complaint ("complaint"). Further, she asserts promissory estoppel in count four. All three claims stem from Pfizer's termination of her employment after she voiced her concerns over health and safety conditions at the Groton Lab. Pfizer now moves to dismiss counts one and four on the basis that the whistleblower statute is the exclusive remedy to employees terminated for reporting violations of law and McClain's breach of contract, wrongful termination, and promissory estoppel claims are preempted. McClain failed to address this preemption argument in her response to the motion to dismiss.

It is established law in Connecticut that employment relationships are generally at will and can be terminated at any time for any reason. Sheets v. Teddy's Frosted Foods, Inc., 179 Conn. 471, 474 (Conn. 1980). Common law causes of action for wrongful termination based in either tort or contract only

exist if the reason for dismissing the employee violates an important public policy.  Id. at 475.  However, the remedy afforded by state or federal legislation that is meant to address a violation of an important public policy that the termination offends is the exclusive remedy available to former employees and common law wrongful termination causes of action are preempted and precluded.  Burnham v. Karl & Gelb, P.C., 252 Conn. 153, 159-60 (Conn. 2000).

The whistleblower statute provides that "[n]o employer shall discharge . . . any employee because the employee . . . reports . . . a violation or a suspected violation of any state or federal law . . . to a public body."  Conn. Gen. Stat. § 31-51m(b).  It further specifies the avenue of recourse and remedies available to employees terminated in violation of the statute.  Conn. Gen. Stat. § 31-51m(c).

Courts in Connecticut have consistently held that the enforcement provision of the whistleblower statute is the exclusive remedy available to employees terminated in violation of that statute, and all common law claims for wrongful termination based on the same set of underlying facts are preempted.  See Campbell v. Town of Plymouth, 74 Conn. App. 67, 73-74 (Conn. App. 2002); Burnham 252 Conn. at 162; Parmenter v. Wal-Mart Stores, East, L.P., 2007 U.S. Dist. Lexis 51478 at *15-16.

The facts alleged by McClain in counts one and four of the complaint sound of a whistleblower violation.  She claims Pfizer only terminated her employment after she informed OSHA of her concerns over health and safety conditions at the Groton Lab, and that her termination was an act of retaliation for

7

those reports.  The alleged promise on which McClain bases her promissory estoppel claim is that Pfizer promised in its April 2004 letter not to fire her for voicing her concerns.  The allegations in counts one and four are virtually identical to the allegations in count two that assert a violation of the whistleblower statute.  Accordingly, McClain's claims of breach of contract, wrongful termination and promissory estoppel are preempted and precluded.

Pfizer's motion to dismiss counts one and four of the complaint is GRANTED because the whistleblower statute preempts all contract and tort claims for wrongful termination based on whistleblowing activities.

### B.  Timeliness of the Whistleblower Claim

Count two of the complaint alleges a violation of the whistleblower statute.  Pfizer moves to dismiss count two as untimely filed, asserting that the March 2, 2006, letter to McClain constituted OSHA's final determination of her complaint and that she did not initiate this lawsuit within ninety days thereafter.

The whistleblower statute provides that terminated employees "may, after exhausting all available administrative remedies, bring a civil action, within ninety days of the date of the final administrative determination."  Conn. Gen. Stat. §31-51m(c).  OSHA's initial ruling on a complaint can be appealed to an ALJ.  29 C.F.R. § 1978.104(b).  When an ALJ rules on an appeal, that ruling is stayed pending final review by the secretary of labor.  29 C.F.R. § 1978.109(b).  The secretary of labor must then confirm the ALJ's decision in a final determination supported by a detailed explanation of the secretary's reasoning.  29 C.F.R. §

8

1978.109(c).

The March 2, 2006, letter to McClain denying her appeal is not OSHA's final determination because it only sets forth the ALJ's decision. [Doc. 32–2] The September 27, 2006, letter meets the requirements set forth in 29 C.F.R. § 1978.109(c) for a final determination because: 1) it clearly states that it is the "SECRETARY'S FINDINGS;" 2) it supports the secretary's findings in detail based on the record of all the proceedings including the ALJ's appellate decision; 3) it is addressed to McClain, Pfizer, and the ALJ that presided over her appeal; and 4) the letter states that it was issued to provide McClain with written documentation of the reasons for OSHA dismissing her complaint against Pfizer. Therefore, OSHA's notice of final determination was the detailed letter dated September 27, 2006. McClain initiated this action on October 11, 2006, well within the ninety day period provided for in the whistleblower statute. Accordingly, Pfizer's motion to dismiss count two of the complaint as untimely filed must be DENIED.

### C. Connecticut General Statutes § 31–51q

Count three of the complaint alleges that Pfizer's termination of McClain after she voiced her concerns over the manner in which it conducted stem cell research and the health risks that research posed to employees violated Connecticut General Statutes § 31–51q. That statute reads: "Any employer . . . who subjects any employee to discipline or discharge on account of the exercise by such employee of rights guaranteed by the first amendment to the United States Constitution or section 3, 4 or 14 of article first of the Constitution of the

9

state . . . shall be liable to such employee for damages." Conn. Gen. Stat. § 31–51q.

"Section 31-51q extends protection of rights of free speech under the federal and the state constitutions to employees in the private workplace. The statute is not limited to freedom of speech in the public arena." Cotto v. United Techs. Corp., 251 Conn. 1, 16 (Conn. 1999). "The statute applies only to expressions regarding public concerns that are motivated by an employee's desire to speak out as a citizen." Id. at 17 (citing Connick v. Myers, 461 U.S. 138, 146 (1983)). Whether the subject matter of an employee's statements is a matter of public concern is a question of law, but whether a particular statement addresses that matter of public concern depends on its contents, form and context, which are questions of fact. See Daley v. Aetna Life & Cas. Co., 249 Conn. 766, 777 (Conn. 1999). This application of fact hinges on the employee's motivation in speaking. Id. at 778.

Pfizer argues in its motion to dismiss that McClain's speech regarding the health and safety conditions surrounding the company's stem cell research was motivated only by her dissatisfaction with her employment and did not address a matter of public concern.

The court cannot at this time conclude that McClain can prove no set of facts consistent with the allegations in the complaint that could reasonably prove her speech regarding the unsafe maintenance of hazardous waste created as a byproduct of stem cell research addressed a matter of public concern. As Pfizer

points out, some of her speech addressed McClain's personal employment situation and as a matter of law could not state a claim under section 31-51q. However, the complaint alleges that McClain continued to voice her concerns after being transferred out of lab B313 and those concerns were eventually raised outside of Pfizer, including to OSHA. This continued speech after her employment no longer imposed a direct health risk could conceivably have been conducted as a concerned citizen. A more developed record through discovery is necessary to fully establish the content, form and context of the speech supporting McClain's section 31-51q claim.

Pfizer also asserts that statements made prior to October 11, 2003, cannot support McClain's claim that Pfizer violated section 31-51q as they are barred by the statute of limitations provided for in Connecticut General Statutes § 52–577. McClain did not respond to the statute of limitations argument in opposition to this motion. The court infers from her silence that McClain concedes this point. The three year statute of limitations in section 52-577 applies to claims brought pursuant to section 31-51q. See Holub v. Babcock, 1996 Conn. Super. Lexis 169 at *9 (Conn. Super. Jan. 19, 1996). Upon a further developed record, only facts occurring on or after October 11, 2003, can support McClain's claim for relief under section 31-51q.

Pfizer's motion to dismiss count three is DENIED as to events that occurred after October 10, 2003. Based on the allegations in the complaint, the court cannot conclude as a matter of law that McClain was motivated only by

personal interests and was not speaking out as a citizen on a matter of public concern.

### D. Defamation

In count five of the complaint McClain alleges that Pfizer defamed her through 1) statements made by her supervisors in her performance reviews and to other employees, and 2) in its representations to OSHA during the proceedings concerning McClain's complaint. Specifically, the allegations of statements made by McClain's supervisors read:

> the slanderous words were spoken to the plaintiff and to third persons at the facility regarding her being oversensitive about Hambor's aggression in 2003. In addition, Hambor demeaned McClain in front of persons at Pfizer during a scientific presentation by dismissing her opinions. The written words included the negative review from 2003 which was disseminated to other individuals at the facility though [sic] her actual termination or separation date which Pfizer later provided to her, in May of 2005. These included a comment in her review that her performance did not meet the Scientist level and that she only partially met performance standards, which was untrue.

[Doc. #30, pgs. 9-10]

Initially, Pfizer moves to exclude all statements supporting McClain's claim of defamation made prior to October 11, 2004, pursuant to the statute of limitations in Connecticut General Statutes § 52-597. McClain failed to address the statute of limitations argument in her opposition to this motion. Section 52-597 provides that "[n]o action for libel or slander shall be brought but within two years from the date of the act complained of." Conn. Gen. Stat. § 52-597. There is no dispute that this two year limitation applies to McClain's defamation claim.

12

Only statements made on or after October 11, 2004 will be considered in support of McClain's defamation claim. Due to the vague description of the allegedly defamatory statements received in the complaint, the court cannot discern the exact timing of the statements. However, a fair reading of the complaint would place the statements about her being oversensitive in 2003 and any statements made by Pfizer to OSHA prior to October 11, 2004, clearly outside the applicable statute of limitations. Additionally, any alleged dissemination of defamatory statements, including her performance reviews, prior to October 11, 2004, is also precluded by section 52-597.

Pfizer next moves to dismiss any claim of defamation based on statements made to OSHA during the course of its investigation because they are barred by an absolute privilege under Connecticut common law for statements made in the course of a quasi-judicial proceeding. McClain does not dispute that an absolute privilege exists for statements made in a quasi-judicial proceeding. Her only opposition raised is that Pfizer cites to no case law finding an OSHA investigation or its hearings to constitute a quasi-judicial proceeding, while citing to no cases herself that found OSHA proceedings are not quasi-judicial in nature.

"The effect of an absolute privilege in a defamation action is that damages cannot be recovered for a defamatory statement even if it is published falsely and maliciously. Like the privilege which is generally applied to pertinent statements made in formal judicial proceedings, an absolute privilege also attaches to relevant statements made during administrative proceedings which are quasi-

judicial in nature. Once it is determined that a proceeding is quasi-judicial in nature, the absolute privilege that is granted to statements made in furtherance of it extends to every step of the proceeding until final disposition." Kelley v. Bonney, 221 Conn. 549, 565-66 (Conn. 1992) (internal citations omitted).

The Connecticut Supreme Court has identified factors courts should consider when evaluating whether a proceeding is quasi-judicial in nature, including "whether the body has the power to: (1) exercise judgment and discretion; (2) hear and determine or to ascertain facts and decide; (3) make binding orders and judgments; (4) affect the personal property rights of private persons; (5) examine witnesses and hear the litigation of the issues on a hearing; and (6) enforce decisions or impose penalties." Craig v. Stafford Constr., 271 Conn. 78, 85 (Conn. 2004) (quoting Kelley, 221 Conn. at 567).

After reviewing each of these factors the court is in a quandary to understand why the parties have referred this issue to this court for resolution. It is patently clear that OSHA's investigation and the hearings it held were quasi-judicial in nature and therefore any statements made by Pfizer during those proceedings are absolutely privileged. McClain's complaint to OSHA was investigated by the agency, appealed to an ALJ and subject to a full appellate review, and confirmed by the secretary of labor. Both McClain and Pfizer presented evidence and testimony at all phases of the proceedings. At all phases of the proceedings, OSHA, through its investigators, the ALJ or the secretary of labor, applied the law to the relevant facts presented by the parties in their

14

discretion and had the ability to enforce those decisions in a manner that directly effected the property rights of the parties. McClain's defamation claim based on statements made to OSHA in the context of its investigation must be dismissed because those statements are subject to an absolute privilege. See Craig, 271 Conn. 78 (police internal affairs investigation quasi-judicial); Kelley, 221 Conn. 549 (schoolteacher license revocation proceedings quasi-judicial); Blake-McIntosh v. Cadbury Bevs., Inc., 1999 U.S. Dist. Lexis 12801 (D. Conn. Jun. 15, 1999) (EEOC investigation quasi-judicial); Calderon v. Dinan & Dinan PC, 2006 U.S. Dist. Lexis 39024 (D. Conn. Jun. 13, 2006) (workers' compensation hearing quasi-judicial).

Pfizer finally moves to dismiss any claim for defamation based on alleged statements made by her supervisors because as pled they either fail to state a claim upon which relief can be granted or are subject to a conditional privilege. The court finds McClain's allegations regarding statements made by her supervisors must be dismissed for the three reasons stated below.

First, the allegations in the complaint do not sufficiently put Pfizer on notice of the basic elements of McClain's defamation claim. "Although in haec verba or verbatim pleading is not required . . . [a plaintiff] must plead, in order to provide sufficient notice, what defamatory statements were made concerning the plaintiff, when they were made, and to whom they might have been made." United States ex rel. Smith v. Yale Univ., 415 F. Supp. 2d 58, 108-9 (D. Conn. 2006) (internal citations omitted). The complaint does not indicate to whom the

15

allegedly defamatory statements were made about McClain being overly sensitive, her work being substandard, or her being demeaned, nor the timing of those comments. Moreover, the allegations refer more to general topics of conversation rather than identifying the contents of particular defamatory statements. In as much as the allegations are topical rather than particular the notice pleading requirement is not satisfied.

Second, comments made by or amongst McClain's supervisors regarding reviews of her performance are subject to a qualified privilege and immune from liability.[2] "[C]ommunications between managers regarding the review of an employee's job performance and the preparation of documents regarding an employee's termination are protected by a qualified privilege. Such communications and documents are necessary to effectuate the interests of the employer in efficiently managing its business." Torosyan v. Boehringer Ingelheim Pharmaceuticals, 234 Conn. 1, 29 (Conn. 1995); see also Kelly v. City of Meriden, 120 F. Supp. 2d 191, 198 (D. Conn. 2000). Accordingly, the contents of McClain's performance reviews are protected from liability by this qualified privilege, as would be the discussion of such performance reviews amongst her supervisors.

Third, as pled the allegedly defamatory comments are statements of opinion as opposed to fact and thus not actionable. "A statement can be defined as factual if it relates to an event or state of affairs that existed in the past or

---

[2] McClain chose not to respond to Pfizer's qualified privilege argument in her opposition to this motion.

16

present and is capable of being known. . . . An opinion, on the other hand, is a personal comment about another's conduct, qualifications or character that has some basis in fact." Goodrich v. Waterbury Republican-American, Inc., 188 Conn. 107, 111 (Conn. 1982) (internal citations omitted). "Expressions of opinion cannot as a matter of law be defamatory." Iosa v. Gentiva Health Servs., 299 F. Supp. 2d 29, 38 (D. Conn. 2004); see also Daley, 249 Conn. at 795. Statements regarding Hambor's perception that McClain was overly sensitive, that he disagreed with her opinion in a group meeting, or that her work did not meet expectations are expressions of opinion and not statements of fact and cannot state a claim of defamation.

Pfizer's motion to dismiss is GRANTED as to McClain's claim of defamation. Several of the allegedly defamatory comments are precluded by the applicable statute of limitations. All comments made to OSHA in the course of their investigation are protected by an absolute privilege as those proceedings are quasi-judicial in nature. The statements made by McClain's supervisors are not pled with sufficient particularity, are subject to a qualified privilege, and are expressions of opinion and not statements of fact.

### E. Exclusivity of the Workers' Compensation Act

McClain asserts claims of negligent misrepresentation, failure to keep a safe work environment in violation of Connecticut General Statutes § 31-49, and willful and wanton misconduct in counts six, seven, and eight of the complaint, respectively. Pfizer moves to dismiss all three counts because the Connecticut

17

Workers' Compensation Act ("WCA"), Connecticut General Statutes § 31-275 <u>et seq.</u>, is the exclusive remedy for personal injuries suffered in the course of employment.

The WCA is the exclusive remedy for personal injuries arising out of and in the course of employment. <u>See</u> Conn. Gen. Stat. § 31-284(a). The Connecticut Supreme Court interprets "the exclusivity provision of the act, General Statutes § 31-284(a), as a total bar to common law actions brought by employees against employers for job related injuries with one narrow exception that exists when the employer has committed an intentional tort or where the employer has engaged in wilful or serious misconduct." <u>Suarez v. Dickmont Plastics Corp.</u>, 229 Conn. 99, 106 (Conn. 1994).

McClain's claim for negligent misrepresentation is preempted by the exclusivity provision of the WCA and fails as a matter of law. Her opposition to this motion admits that the exception to the WCA's exclusivity provision is based on intentional torts, not acts of negligence. Pfizer's motion to dismiss count six is GRANTED, as the WCA preempts all claims for relief based on personal injuries suffered in the course of employment sounding in negligence.

McClain's claim for failure to keep a safe work environment in violation of section 31-49 is also preempted by the WCA. Courts in Connecticut have allowed claims for wrongful termination based on a violation of section 31-49 to survive despite the exclusivity of the WCA. <u>See</u> <u>Parsons v. United Techs. Corp.</u>, 243 Conn. 66, 80 (Conn. 1997). McClain does not assert a claim for wrongful

termination in count seven of the complaint. Count seven alleges only that she suffered personal injuries as a result of Pfizer's failure to keep a safe work environment. As a result, the exclusivity provision of the WCA preempts her claim and the motion to dismiss count seven is GRANTED. See Perille v. Raybestos-Manhattan-Europe, Inc., 196 Conn. 529, 543 (Conn. 1985).

McClain's claim for willful and wanton misconduct is not preempted by the WCA. Count eight of the complaint alleges additional facts beyond those alleged in count six and count seven, specifically that Pfizer acted intentionally in exposing McClain to noxious materials that directly caused her personal injuries. Her claim for willful and wanton misconduct, as pled, falls squarely within the intentional tort exception to the WCA's exclusivity. See Suarez, 229 Conn. at 106. Pfizer's motion to dismiss count eight is DENIED.

IV. Conclusion

Based on the above reasoning, Pfizer's motion to dismiss the complaint is GRANTED as to counts one, four, five, six, and seven, and DENIED as to counts two, three, and eight. Counts one and four are preempted by the whistleblower statute, while counts six and seven are preempted by the WCA, and fail as a matter of law. Count five fails to state a claim upon which relief granted, as the allegedly defamatory statements are privileged in part, precluded by the applicable statutes of limitations in part, not pled with sufficient particularity and are statements of opinion. Drawing all reasonable inferences in favor of the plaintiff, McClain has sufficiently stated claims for violations of sections 31-51m

19

and 31-51q, and wanton and willful misconduct, in counts two, three and eight of the complaint.

IT IS SO ORDERED.

/s/

Vanessa L. Bryant

United States District Judge

Dated at Hartford, Connecticut: March 7, 2008.