UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BECKY McCLAIN, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 3:06-cv-01795 (VLB) |
| PFIZER, INC., | : | |
|     Defendant. | : | February 26, 2010 |

## RULING ON DEFENDANT'S MOTION TO STRIKE PORTIONS OF AFFIDAVITS SUBMITTED BY MICHAEL J. SICILIANO AND THE PLAINTIFF BECKY McCLAIN

### [Doc. #159]

Defendant Pfizer, Inc. moves to strike portions of the affidavits of Dr. Michael J. Siciliano and the Plaintiff, Becky McClain. Although this motion was filed on October 27, 2009, the Plaintiff has not filed a response in opposition. Pfizer contends that the affidavits "consist of conclusory allegations, speculation and conjecture, and include statements that are contrary to deposition testimony." [Doc. # 159]. For the reasons that follow, the Defendants' Motions to strike will be granted and denied in part.

### Standard

An affidavit used in support or opposition of a motion for summary judgment "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated." Fed. R. Civ. P. 56(e)(1). Additionally, the Second Circuit notes that "a party may not create an issue of fact by submitting an affidavit in

opposition to a summary judgment motion that, by omission or addition, contradicts the affiant's previous deposition testimony." <u>Raskin v. Wyatt Co.</u> 125 F.3d 55, 63 (2d Cir. 1997) (quoting <u>Hayes v. New York City Dep't of Corrections</u>, 84 F.3d 614, 619 (2d Cir. 1996)). Accordingly, "factual issues created solely by an affidavit crafted to oppose a summary judgment motion are not genuine issues for trial." <u>Ferraresso v. Town of Granby</u>, 646 F.Supp.2d 296, 301-302 (D.Conn., 2009) (citing <u>Perma Research & Dev. Co. v. Singer Co</u>., 410 F.2d 572, 578 (2d Cir. 1969)).

**<u>Rulings on Pfizer's Requests to Strike</u>**

**I. Siciliano Affidavits**

Pfizer seeks to strike several portions of Dr. Siciliano's affidavit that McClain has included as part of her opposition to Pfizer's motion for summary judgment. Pfizer contends that the affidavit is "fraught with conclusory statements that are based on hearsay and are not based on personal knowledge."

The Plaintiff disclosed Dr. Siciliano as an anticipated expert witness on February 27, 2009. [Doc. #128, Exh. 3]. The disclosure made pursuant to Federal Rule of Civil Procedure Rule 26, notes:

> Dr. Siciliano will base his opinions and testimony upon information provided to him by the plaintiff, reports of diagnostic tests and/or studies performed, information and bioinformation on the lentivirus used by William Blake, review of pertinent medical records and such other information as may become available to the expert before or during the trial of this case. Additionally, he will base his opinions and conclusions upon his education, background, training and experience in the field of Genetics.

**Id.** Dr. Siciliano's curriculum vitae and affidavit reflect that the witness has an extensive background in genetics. [Doc. #128, Exh. 3].

Pfizer filed its motion for summary judgment on July 29, 2009. [Doc. #134]. Dr. Siciliano's subscribed and swore to his affidavit on September 17, 2009 and was deposed by Pfizer on the same day. [Doc. #146, Affid. 2; Doc. #161, Exh. 2]. It is unclear from the record which occurred first.

The Second Circuit has acknowledged the Seventh Circuit's interpretation of "rule 56(e)'s provision for affidavits supporting and opposing a motion for summary judgment to set forth specific facts," **Iacobelli Const., Inc. v. County of Monroe**, 32 F.3d 19, 25 (2d Cir., 1994) (citing **Mid-State Fertilizer Co., v. Exchange National Bank of Chicago**, 877 F.2d 1333, 1338-39 (7th Cir. 1989). **Mid-State** notes that expert affidavits that fail to demonstrate their underlying reasoning are not useful to summary judgment analysis:

> [T]he Seventh Circuit interpreted Rule 56(e)'s provision to "set forth specific facts" in affidavits supporting and opposing a motion for summary judgment as requiring experts to set forth their processes of reasoning in their affidavits. The **Mid-State** court rejected an expert's affidavit that rendered seven one-sentence conclusions without providing any facts, any hint of the inferential process underlying the conclusions, or any discussion of hypotheses considered and rejected . . . [T]he Second Circuit declined to apply **Mid-State's** reasoning in [a case where it] found that the experts' affidavits "described industry practices and customs, defined terms of art used in the industry, explained the approach by which reasonably prudent contractors would interpret the contract documents, and enumerated the conclusions such reasonably prudent contractors would reach."

**New York v. Solvent Chemical Co., Inc.**, 225 F.Supp.2d 270, 285-86 (W.D.N.Y., 2002) (internal citations omitted). Accordingly, this Court will disregard excerpts of an expert's affidavit, where the affiant clearly fails to demonstrate the

3

inferential process and factual basis underlying the affiant's conclusions, therefore making the opinion unreliable or unhelpful. The Court must determine whether the expert affidavit is more akin to the affidavit provided in Mid-State, or the affidavit provided in Iacobelli, which the Second Circuit permitted. Id. The portions of Dr. Siciliano's affidavit that falls "so much closer to Mid-State in terms of the minimalism of the analysis . . . warrant[] being stricken." Id.

[Doc. #146, Affid. 2, Paragraph 2]:

Pfizer seeks to strike Dr. Siciliano's attestation that he has personal knowledge of the facts enumerated in the affidavit. This motion is denied as the Court will draw its own conclusions regarding the basis of personal knowledge for each statement pursuant to the Defendant's remaining objections.

[Doc. #146, Affid. 2, Paragraph 3]:

Pfizer seeks to strike Dr. Siciliano's attestation "I am familiar with the documents that have been produced in this matter and have reviewed some of the medical records of the Plaintiff." The Defendant challenges this attestation based upon deposition testimony indicating that the witness had not reviewed all documents produced in this matter but had reviewed certain medical records, tests, and blood work." [Doc. #161, Exh. 2]. The Court finds that these two statements are not patently inconsistent, and the Court will draw its own conclusions regarding the attestation in the context of Dr. Siciliano's deposition

testimony and other evidence on the record, but will not strike the paragraph from the summary judgment record.

[Doc. #146, Affid. 2, Paragraph 4]:

Pfizer seeks to strike Dr. Siciliano's attestation that he is aware of the Plaintiff's treatment for transient periodic paralysis and the illness' relationship to classically defined hypokalemic periodic paralysis, due to a lack of personal knowledge regarding the Plaintiff's diagnosis, and lack of expertise regarding the illness.  The Court finds that this statement does not necessarily demonstrate a lack of factual basis or explanation of his inferential process as his expert report indicates that he will "base his opinions and testimony upon information provided to him by the plaintiff, reports of diagnostic tests and/or studies performed, information and bioinformation on the lentivirus used by William Blake, [and] review of pertinent medical records."  [Doc. #128, Exh. 3].   The Court will draw its own conclusions regarding the attestation in the context of Dr. Siciliano's particular field of scientific knowledge, but will not strike the paragraph from the summary judgment record.

[Doc. #146, Affid. 2, Paragraph 5]:

Pfizer seeks to strike Dr. Siciliano's attestation that "I have reviewed the pattern of her exposure to noxious biological elements while working for [Pfizer] and found there to be an inexplicable lack of internationally recognized procedures for the containment of recombinant DNA molecules which resulted in

5


her exposure to a genetic engineered virus." Pfizer contends that the witness lacks personal knowledge for this statement and that it is contrary to prior testimony. This motion to strike is granted for summary judgment to the extent the affiant fails to explain his underlying reasoning and the inferential process underlying his conclusion. Mid-State, 877 F.2d at 1338.

[Doc. #146, Affid. 2, Paragraphs 6-7]:

Pfizer contends that Dr. Siciliano lacks personal knowledge for these attestations and that they are contrary to his prior testimony. In paragraph 6, Dr. Siciliano notes that Pfizer provided conflicting biological sequencing in response to requests by McClain. In paragraph 7 the witness concludes "[b]ased on the nature and timing of her illness and the lack of reporting of a validated sequence I conclude within a reasonable scientific probability that there was a pattern of reckless disregard for the health and safety of Mrs. McClain on the part of Pfizer" and that "this disregard was the cause of her disease." This motion to strike is granted for summary judgment to the extent the affiant fails to explain his underlying reasoning and attempts to make a legal conclusion regarding Pfizer's liability. Id.

[Doc. #146, Affid. 2, Paragraphs 8-9]:

The Defendant seeks to strike statements that reflect conclusions regarding the likelihood that exposure to a "recombinant virus" could cause expression of hypokalemic periodic paralysis despite the fact that McClain did not inherit the genes that are correlated with the disorder. Pfizer seeks to strike

these paragraphs due to a lack of expertise on this specific disorder.  The Court will draw its own conclusions regarding the affiant's qualification to make these attestations in light of his background in genetics and microbiology, but these paragraphs will not be stricken from the summary judgment record.

[Doc. #146, Affid. 2, Paragraphs 10-11]:

Pfizer moves to strike statements in these paragraphs, noting that they are conclusory, speculative, not based on personal knowledge, and contrary to prior testimony.  In paragraph 10, the witness concludes that Pfizer was "reckless and willful because they ignored numerous reports by Mrs. McClain" and failed "to provide experimental records so the virus could be adequately characterized to help in the treatment of the disease."  In paragraph 11, the witness concludes that Pfizer made "an admission of responsibility" by submitting two different sequences in response to McClain's request.  The Court will draw its own conclusions regarding this attestation in the context of Dr. Siciliano's particular field of scientific knowledge, deposition testimony, and other evidence on the record.  The Court will disregard the statement to the extent the affiant asserts legal conclusions regarding the Defendant's liability.

II. Becky McClain

[Doc. #146, Affid. 1, Paragraphs 7, 9, and 10]:

Pfizer seeks to strike attestations regarding the company's response to a noxious odor that was allegedly emitted by a biological containment hood within

laboratory B313.  Pfizer contends that the testimony is inconsistent with her deposition testimony.  The Court will draw its own conclusions regarding the attestation in the context of her deposition testimony and other evidence on the record regarding Pfizer's response to problems with the biocontaintment hood, but will not strike this paragraph from the summary judgment record.

[Doc. #146, Affid. 1, Paragraph 12]:

Pfizer seeks to strike McClain's attestation regarding her efforts to raise safety concerns as contrary to deposition testimony and unsupported by fact.  The Court will draw its own conclusions regarding the testimony in the context of McClain's deposition testimony and other evidence on the record regarding her efforts to raise safety concerns, but will not strike the paragraph from the summary judgment record.

[Doc. #146, Affid. 1, Paragraph 14]:

Pfizer seeks to strike McClain's attestation regarding William Blake's work with lentivirus on an open lab bench in laboratory 313 as contrary to deposition testimony.  The Court will draw its own conclusions regarding the attestation in the context of McClain's deposition testimony and other evidence on the record, but will not strike the paragraph from the summary judgment record.

**[Doc. #146, Affid. 1, Paragraph 15]:**

Pfizer seeks to strike McClain's attestation regarding negotiations about her potential return to the laboratory between October 2004 and May 2005 as contrary to her prior testimony. The Court will draw its own conclusions regarding the attestation in the context of McClain's deposition testimony and other evidence on the record, but will not strike the paragraph from the summary judgment record.

**[Doc. #146, Affid. 1, Paragraph 18]:**

Pfizer seeks to strike McClain's attestation that she never solicited or initiated money seeking positions with Pfizer or OSHA as contrary to her prior testimony. This motion is denied as the deposition testimony cited by Pfizer only shows that a severance package was discussed but does not note whether she ever solicited or initiated the negotiation [Doc. #161, Exh. 3, pg. 302].

**[Doc. #146, Affid. 1, Paragraph 19]:**

Pfizer seeks to strike McClain's attestation that her medical symptoms are due to her exposure to lentivirus while at Pfizer due to a lack of basis for her conclusory statement. The Court will draw its own conclusions regarding the attestation in the context of the other evidence on the record but will not strike the paragraph from the summary judgment record.

**[Doc. #146, Affid. 1, Paragraph 20-21]:**

Pfizer seeks to strike these paragraphs regarding Pfizer's disclosure of conflicting genetic sequencing for viral information based on contrary testimony from another witness. Pfizer's conflicting witness testimony fails to demonstrate that McClain lacks personal knowledge or competency to testify on this subject. [Doc. #161, Exh. 3]. Accordingly, this paragraph will remain in the summary judgment record.

**[Doc. #146, Affid. 1, Paragraph 23-26]:**

Pfizer seeks to strike testimony in these paragraphs regarding McClain's refusal to consent to testing due to Pfizer's alleged failure to provide origin and cloning records, including experimental notebooks that would authenticate a lentivirus' genetic sequencing. In light of evidence on the record, Pfizer fails to demonstrate that McClain lacks personal knowledge or competency to testify on this subject. [Docs. ## 148, 162, and 171]. Accordingly, this paragraph will remain in the summary judgment record.

                                      IT IS SO ORDERED.

                                    _____/s/_____
                                    Vanessa L. Bryant
                                    United States District Judge

Dated at Hartford, Connecticut:  February 26, 2010.