United States District Court
District of Connecticut

_____

**BECKY McCLAIN,**                                    Civil Action No. 3:06-CV-01795-VLB
        **Plaintiff**

**v.**

**PFIZER INC,**                                           March 1, 2010
        **Defendant**

_____

## MEMORANDUM OF LAW GRANTING [Doc. #179] THE PLAINTIFF'S MOTION IN LIMINE RE: FINAL DECISION OF OSHA AND INVESTIGATION BY THE DEPARTMENT OF PUBLIC HEALTH

The Plaintiff, Becky McClain ("McClain") moves in limine, for an order excluding all evidence, testimony and argument regarding OSHA's final decision on McClain's "whistleblower" complaint and documents from the Connecticut Department of Public Health. [Doc. #179]. McClain, seeks to preclude the introduction of this decision and report on two bases: 1) Federal Rule of Evidence 403's exclusion of evidence on the grounds of prejudice, confusion, or waste of time; and 2) Federal Rule of Evidence 408's prohibition of certain uses of evidence of compromise and offers to compromise.

In its response, Pfizer objects to the exclusion of this evidence by asserting that the evidence is admissible for purposes of refuting the Plaintiff's claim that her termination was in retaliation for her complaints to OSHA and to the Department of Health. OSHA concluded that there was no evidence to support the Plaintiff's claim that her protected activity was the reason for her termination and further concluded that the Plaintiff was terminated for job

abandonment.  The Department of Health determined that while it lacked jurisdiction over certain elements of the complaint lodged by the Plaintiff, it found no violations of public safety codes for the laboratory issues for which it did have jurisdiction to assess.  It did not explain the issue over which if had jurisdiction in relation to the other issues in dispute or how a finding on those issues might affect its findings.

The Defendant asserts that there is no legal basis for the exclusion of this evidence.  While the Defendant acknowledges that Rule 403 provides for exclusion when evidence's probative value is outweighed by "unfair prejudice, confusion of the issues, or misleading the jury" Fed. R. Evid. 403, it argues that administrative agency findings are admissible.  To support its claim the Defendant cites Keene v. Hartford Hosp., 208 F. Supp. 2d 238, 242 (D. Conn. 2002).  In that case however, this court held that a CHRO finding was not admissible and the issue before this court was whether the document was excludable under the hearsay rule. Id.

Similarly the Defendant cites Watson v. E.S. Sutton, Inc., No. 02 Civ. 2739, 2005 WL 2170659 at *21 (S.D.N.Y., 2006).  Although in Watson the Court concluded that introduction of the EEOC determination was not "unduly prejudicial" and "relevant to the veracity of [the] proffered grounds for terminating the [plaintiff]" the court also noted that "admission of the EEOC information was within the Court's discretion" and qualified that potential prejudicial effect was "likely lost in a sea of other facts before the jury." Id. Furthermore, the court made its determination in response to a request for new

trial made pursuant to Federal Rule of Civil Procedure 59(a). Id. at *1. Accordingly, that court's decision established that admission of the document did not constitute an evidentiary error, not that an administrative finding is admissible per se.

The Court notes that evidence which invades the exclusive province of the jury should be excluded.  See Rubens v. Mason, 387 F.3d 183, 190-191 (2d. Cir. 2004); See also Andrews v. Metro North Commuter R. Co., 882 F.2d 705, 708-709 (2d. Cir. 1989).  In the instant action, the final OSHA decision and the Department of Public Health Report reach McClain's ultimate conclusions that a jury would have to make on its own regarding McClain's belief in the existence of conditions that she claims were a violations of OSHA and Department of Health regulations that allegedly rendered the laboratory unsuitable for her return.  The OSHA ruling contains findings which constitute direct evidence of McClain's motivations and the Department of Public Health report contains circumstantial evidence of her beliefs.  Both conclusions are within the exclusive domain of the jury and are based on facts which are expected to be introduced at trial, many of which do not require specialized education, training or experience, or the details contained in these reports.

Furthermore, to the extent that the issues addressed in the administrative proceedings and those that are subject of this trial are different, these reports would tend to confuse the issues in the minds of the jury.  Finally, the Court notes that information contained in the reports constitute cumulative evidence duplicative of evidence that the parties are introducing in any event.

**The Defendant also argues that the Plaintiff's assertion that the agency materials constitute settlement communications that cannot be disclosed under Federal Rule of Evidence 408 is inaccurate and unfair. [Doc. #193 at 5]. The Defendant contends that these materials should not be precluded because they are not offered to show liability for, invalidity of, or the amount of a claim that was disputed as to amount or validity, and is not offered to impeach. Instead, the Defendant claims that it offers the materials to:**

> demonstrate that the Plaintiff's interests in pursuing her complaints with OSHA were entirely personal. The evidence is offered to demonstrate to the jury what the nature of the Plaintiff's speech was; for example: did it relate to a matter of public concern or was it focused on purely personal issues?

**[Doc. #193, at 6]. The Defendant however, has not shown that its proffered use is not within the usages prohibited by the rule. In many respects the noted purpose rings as an effort to show that the Plaintiff conceded the weakness of her position by seeking compensation. The Defendant cites no case law supporting its assertion that use of settlement negotiations to demonstrate that a Plaintiff was not speaking on a matter of public concern does not fall within the uses prohibited by rule.**

**Additionally, at the pretrial conference the Defendant conceded that the redaction of all references to settlement discussions was appropriate. Therefore, at the very least, those portions of the Department of Health and OSHA reports which pertain to settlement discussions would be redacted. Furthermore, to the extent that the Defendant's identified purpose is a permitted use under Rule 408, this does not remedy the Court's concern pursuant to Rule 403 that any probative value is outweighed by the "danger of unfair prejudice, confusion of the issues**

4

. . .or needless presentation of cumulative evidence." Fed. R. Evid. 403.

## Conclusion

The Plaintiff's [Doc. #179] motion to preclude the OSHA decision and Department of Public Health investigation and report is granted.

IT IS SO ORDERED.

                                    /s/
                           Hon. Vanessa L. Bryant
                           United States District Judge

Dated at Hartford, Connecticut this 1st day of March 2010.