UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

BECKY McCLAIN,
    Plaintiff,

v.                                             3:06-cv-1795 (WWE)

PFIZER, INC.,
    Defendant.

## MEMORANDUM OF DECISION

Following trial, a jury returned a verdict in favor of plaintiff Becky McClain and against defendant Pfizer, Inc. ("Pfizer"). Pfizer now moves for judgment as a matter of law or for amendment of the judgment. (Doc. #249) McClain moves for attorney's fees and punitive damages. (Doc. #238) For the following reasons, Pfizer's motion will be denied and McClain's motion will be granted.

## BACKGROUND

McClain filed this action in Connecticut Superior Court, alleging that Pfizer terminated her employment in violation of Connecticut state law. Pfizer removed the case to federal court on the basis of diversity jurisdiction. United States District Judge Vanessa L. Bryant granted Pfizer's motion to dismiss five counts of McClain's complaint and subsequently granted Pfizer's motion for summary judgment as to one additional count. The case then proceeded to trial before the jury on the remaining two counts of whistleblower retaliation in violation of Conn. Gen. Stat. § 31-51m and free speech retaliation in violation of Conn. Gen. Stat. § 31-51q. The jury found in favor of McClain on both counts, awarding her $1.37 million plus punitive damages to be determined by the court. McClain then filed a motion for attorney's fees and punitive damages. (Doc. #238) Pfizer filed a motion for judgment as a matter of law on the free speech

retaliation claim and the punitive damages award. In the alternative, Pfizer sought amendment of the judgment on the ground that the damages award was excessive. (Doc. #249) Judge Bryant then transferred the case to this Court for a decision on those pending motions.

## DISCUSSION

### I. Pfizer's Motion

Pfizer first seeks judgment as a matter of law. A motion for judgment as a matter of law "may only be granted if there exists such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture, or the evidence in favor of the movant is so overwhelming that reasonable and fair minded [persons] could not arrive at a verdict against [it]. . . . [The court] must give deference to all credibility determinations and reasonable inferences of the jury, and may not weigh the credibility of witnesses or otherwise consider the weight of the evidence." Kinneary v. City of New York, 601 F.3d 151, 155 (2d Cir. 2010). Furthermore, a motion for judgment as a matter of law "should be granted cautiously and sparingly." Meloff v. New York Life Ins. Co., 240 F.3d 138, 145 (2d Cir. 2001).

Pfizer challenges the jury's finding that Pfizer terminated McClain because she made statements about matters of public concern. Conn. Gen. Stat. § 31-51q provides: "Any employer . . . who subjects any employee to discipline or discharge on account of the exercise by such employee of rights guaranteed by the first amendment to the United States Constitution . . . provided such activity does not substantially or materially interfere with the employee's bona fide job performance or the working relationship

2

between the employee and the employer, shall be liable to such employee for damages caused by such discipline or discharge, including punitive damages, and for reasonable attorney's fees . . . ." Section 31-51q "safeguard[s] statements made by an employee that address a matter of public concern, but provide[s] no security with respect to statements that address wholly personal matters. . . . Speech that addresses a matter of public concern involves statements that can be fairly considered as relating to any matter of political, social, or other concern to the community . . . . That determination is made by evaluating the content, form, and context of a given statement, as revealed by the whole record." Daley v. Aetna Life and Cas. Co., 249 Conn. 766, 778 (1999).

McClain, who worked as a molecular biologist at Pfizer, complained about an odor in her laboratory and the placement of desks near laboratory benches where experiments were performed. Pfizer argues that § 31-51q does not protect those complaints because they were personal matters and did not relate to public health and safety. Although McClain clearly had a personal interest in eliminating the odor and keeping a safe distance between her desk and laboratory bench, "safety in the workplace is a matter of public concern." Munafo v. Metropolitan Transp. Auth., 285 F.3d 201, 212 (2d Cir. 2002). Pfizer has not cited any law requiring McClain to be a completely disinterested party when speaking about workplace safety. Therefore, the jury reasonably could find that McClain's complaints addressed a matter of public concern.

Pfizer next argues that McClain should not have prevailed under § 31-51q because her complaints interfered with her job performance and were unrelated to Pfizer's decision to terminate her. McClain took a medical leave of absence from

3

February to June 2004 for an undetermined illness that she might have contracted from biological materials at Pfizer. She then attempted to negotiate her return to work. Pfizer believed that it had resolved her safety complaints so that she would be able to return, but she disagreed. Negotiations failed, and Pfizer terminated McClain in May 2005. Although Pfizer characterizes McClain's absence from work as interference that is not protected by § 31-51q, the absence resulted from a factual dispute between the parties over workplace safety. The jury was free to compare the evidence of McClain's illness and the substance of her complaints with the measures Pfizer took in response. It was reasonable for the jury to find that McClain's complaints did not interfere with her job performance because the evidence produced by each party was of similar probative value. McClain's termination followed the unsuccessful negotiations over safety issues, raising the possible inference that Pfizer decided to terminate McClain instead of resolving her safety complaints. Pfizer has failed to demonstrate that it was entitled to judgment as a matter of law on McClain's § 31-51q claim.

Pfizer also challenges the jury's award of punitive damages to McClain. At trial, Judge Bryant charged the jury that punitive damages could be awarded if McClain proved that Pfizer acted willfully, maliciously, or recklessly in violating § 31-51q. Pfizer argues that its conduct did not meet that level of proof because it attempted to address McClain's complaints and negotiate her return to work. However, McClain's evidence indicated that Pfizer delayed in responding to her complaints and ultimately did not resolve them. The jury therefore reasonably could find that Pfizer's conduct was willful, malicious, or reckless.

Pfizer next seeks amendment of the judgment on the ground that the damages

award was excessive. As to the jury's award of $685,000 in noneconomic damages, Pfizer argues that reduction to $30,000 or less is warranted because McClain's testimony about her emotional distress was "vague and conclusory." Pfizer contends that the jury's award was clearly erroneous and manifestly unjust. However, McClain argues that her testimony showed that she lost sleep and felt sad, stressed, and frustrated about Pfizer's lack of responsiveness to her complaints. McClain felt stressed about contracting an illness potentially from exposure to biological materials at Pfizer. She feared her supervisor, who had raised his voice and used profanity when speaking to her. Finally, she had to endure a significant period of unemployment following her termination. Considering the jury's critical benefit of hearing McClain's live testimony, the Court cannot determine as a matter of law that manifest injustice was done. Pfizer has failed to cite any law requiring the Court to disturb the jury's award of noneconomic damages.

As to the jury's award of $685,000 in economic damages, Pfizer argues that reduction to $276,798 is necessary to account for a lack of evidence that McClain received 5 percent annual raises, her period of disability in 2005 and 2006, and a lack of evidence that she suffered financial loss with regard to benefits, since she obtained health insurance after her termination through her husband. However, Pfizer's payroll records show that McClain's annual compensation tended to increase by more than 4 percent in the years preceding her termination. In 1999, she earned approximately $65,620; in 2000, her pay increased 4.7 percent to $68,728; in 2001, it increased 4.6 percent to $71,877; in 2002, it increased 9.4 percent to $78,629; and in 2003, it increased 5 percent to $82,569. If McClain had continued her employment at Pfizer,

she would have been entitled to continue receiving her benefits, including disability pay. Pfizer has not persuaded the Court that the economic damages award was clearly erroneous or manifestly unjust.

## II. McClain's Motion

McClain moves for attorney's fees as provided by Conn. Gen. Stat. §§ 31-51m and 31-51q, and in accordance with the one-third contingent fee agreement she entered into with her attorneys. The Court grants McClain's motion for attorney's fees of one-third of the $1.37 million recovery, which is $456,666.67.

McClain also moves for punitive damages equal to her attorney's fees plus costs of $12,177.13. Pfizer argues that McClain's costs should be reduced to $668.22. The Court has reviewed McClain's documentation and considered the extensive discovery in this case over approximately four years. The Court determines that McClain's costs are allowable and reasonable. The Court therefore awards McClain punitive damages of $468,843.80.

## CONCLUSION

Pfizer's motion for judgment as a matter of law or to amend the judgment (Doc. #249) is DENIED. McClain's motion for attorney's fees and punitive damages (Doc. #238) is GRANTED. The Clerk is directed to close this case.

Dated at Bridgeport, Connecticut, this  27th  day of June, 2011.

  /s/  
Warren W. Eginton  
Senior United States District Judge