UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BECKY MCCLAIN, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | 3:06-cv-01795-WWE |
| | : | |
| PFIZER, INC., | : | |
|     Defendant. | : | |

### MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND POST JUDGMENT INTEREST

Plaintiff Becky McClain has moved for an award of appellate attorneys' fees and post-judgment interest based on defendant Pfizer, Inc.'s unsuccessful appeal of the judgment entered by this Court.

### BACKGROUND

This case was originally brought in Connecticut State Court and was removed to Federal District Court based on diversity. On April 1, 2010, an eight-person jury returned a verdict in favor of plaintiff on the only two causes of action that were presented to them. The jury found that defendant had violated Conn. Gen. Stat. §§ 31-51m and 31-51q when it disciplined and discharged plaintiff in retaliation for her speech and other activities concerning workplace safety at defendant's Groton, Connecticut facility. The jury awarded plaintiff $1,370,000 in damages. Additionally, this Court granted plaintiff's motion for attorneys' fees ($456,666.67) and punitive damages ($468,843.80) bringing the total judgment to $2,295,510.47.

On July 25, 2011, defendant filed a Notice of Appeal. On December 13, 2012, the Second Circuit affirmed the judgment of this Court. Plaintiff has now moved for an award of appellate attorneys' fees.

Plaintiff's First Motion for Attorneys' Fees [Doc. #277] sought fees based on the lodestar

method of multiplying hours worked by a reasonable hourly rate. Plaintiff's Second Motion for Attorneys' Fees [Doc. #279] seeks attorneys' fees in an amount necessary to offset an enhanced appeal contingency fee of 40%. As the true measure of attorneys' fees is determined by the contingency fee agreement between plaintiff and her counsel, plaintiff contends that defendant should bear responsibility for the net increase in plaintiff's attorneys' fees resulting from defendant's unsuccessful appeal.

Plaintiff attempted to calculate the contingency-based enhancement of fees by subtracting the Court's initial attorneys' fees award of $456,666.67 from the final contingency total of $910,126.52 (as calculated under their agreement with plaintiff).

## DISCUSSION

Under Connecticut law, "when a contingency fee agreement exists, a two step analysis is required to determine whether a trial court permissibly may depart from it in awarding a reasonable fee pursuant to statute or contract. The trial court first must analyze the terms of the agreement itself. If the agreement is, by its terms, reasonable, the trial court may depart from its terms only when necessary to prevent 'substantial unfairness' to the party, typically a defendant, who bears the ultimate responsibility for payment of the fee. By contrast, if the trial court concludes that the agreement is, by its terms, unreasonable, it may exercise its discretion and award a reasonable fee in accordance with the factors enumerated in rule 1.5(a) of the Rules of Professional Conduct." Schoonmaker v. Lawrence Brunoli, Inc., 265 Conn. 210, 271-72 (2003).

Defendant argues that plaintiff's enhanced contingency agreement is not reasonable because it fails to specify whether litigation expenses are to be deducted before or after the contingent fee is calculated, as mandated by Rule of Professional Conduct 1.5(c). Nevertheless,

the enhanced contingency agreement does state that the fee "will be increased to 40% of the *overall* monetary recovery." Both of the original 33 1/3% agreements referenced by the enhanced contingency agreement specify that plaintiff is responsible for paying costs after the fee is calculated. While plaintiffs' attorneys should have been more precise, in context, the word "overall" communicates the continued calculation of attorneys' fees based on gross recovery, meaning litigation expenses are to be deducted after the contingent fee is calculated.

Defendant also contends that the enhanced contingency agreement does not state the method by which the fee is to be determined, but the fee is obviously to be determined by multiplying the overall recovery by .4 or 40%.

Finally, defendant argues that plaintiff's enhanced contingency fee is unreasonable because defendant appealed only the Section 31-51q claim and the award of punitive damages, not the Section 31-51m claim. Accordingly, plaintiff's attorneys neither performed additional, appellate work nor risked losing their 1/3 contingency fee on the Section 31-51m judgment of $685,000.

**Plaintiff's Calculation of the Enhanced Contingency Fee**

After the jury awarded plaintiff $1,370,000 in damages, this Court granted plaintiff's motion for attorneys' fees ($456,666.67) and punitive damages ($468,843.80) bringing the total judgment to $2,295,510.47. Contrary to their enhanced contingency agreement, plaintiffs' counsel has subtracted costs *before* applying the 40% factor:

$2,295,510.47         (Judgment)
  -$20,194.19         (Costs)
$2,275,316.28         (Net)

$2,275,316.28 * 40% = $910,126.51[1]

---

[1] Plaintiff's attorneys' calculation came to $910,126.52, likely the result of a rounding adjustment.

Thus, plaintiff's attorneys argue that plaintiff is responsible for attorneys' fees of $910,126.52, of which only $456,666.67 was previously awarded by the Court. As costs are recoverable as a result of the jury verdict, they calculate that defendant should be liable for the difference of $453,459.85 ($910,126.52 - $456,666.67 = $453,459.85).

$453,459.85 represents the difference between the original award of attorneys' fees and plaintiff's actual obligation to counsel,[2] but plaintiff's attorneys' calculation is flawed because only a portion of the $453,459.85 increase in attorneys' fees is the result of the enhanced contingency fee and based on defendant's failed appeal to the Second Circuit.

Regardless of defendant's appeal, plaintiff's attorneys are subjecting this Court's original award of attorneys' fees and punitive damages to their contingency fee. In other words, they are adding the original fees ($456,666.67) and punitive damages ($468,843.80) awards to the jury verdict ($1,370,000), upon which the fee and punitive damages awards were based, before applying their contingency factor. This elevates the amount of attorneys' fees without changing the contingency rate:

```
    $1,370,000.00 * 1/3 = $456,666.67   (Verdict)
      $456,666.67 * 1/3 = $152,222.22   (Attorneys' Fees)
    + $468,843.80 * 1/3 = $156,281.27   (Punitive Damages)
    $2,295,510.47 * 1/3 = $765,170.16   (Total at 1/3 Contingency Rate)

    $765,170.16   (Total at 1/3 Contingency Rate)
   -$456,666.67   (Originally Awarded Attorneys's Fees)
    $308,503.49   (Increase in Plaintiff's Attorneys' Fees Obligation)
```

$308,503.49 represents the increase in attorneys' fees based on subjecting the attorneys' fees and punitive damages awards to attorneys fees and is not related to defendant's appeal.

---

[2] Contrary to their enhanced contingency agreement, plaintiffs' counsel has subtracted costs *before* applying the 40% factor.

4

The real cost to plaintiff in attorneys' fees resulting from the appeal is represented by the change in the contingency rate from 33 1/3% to 40%:

$2,295,510.47 * 33 1/3% = $765,170.16   (Total at 33 1/3% Contingency Rate)

$2,295,510.47 * 40%  = $918,204.19   (Total at 40% Contingency Rate)

$918,204.19
-$765,170.16
$153,034.03   (6 2/3% of $2,295,510.47)

Of plaintiff's request for additional attorneys' fees, $153,034.03 represents the 6 2/3% enhancement of the contingency fee and $308,503.49 represents the initial subjection of the attorneys' fees and punitive damages awards to the fee formula.

$308,503.49   (1/3 of fees and punitive damages)
+$153,034.03   (6 2/3% of total judgment)
$461,537.52   (Total requested increase in attorneys' fees)

-$453,459.85   (Plaintiff's Calculation[3])
$8,077.67   (The $8,077.67 difference results from plaintiff's subtraction of costs *before* applying the 40% contingency factor)
(8,077.67 divided by .4 = $20,194.18 = Costs)

The $153,034.03 increase in attorneys' fees based on the enhanced 40% rate breaks down as follows:

$685,000.00 * 6 2/3% = $45,666.67   (Verdict, Section 31-51q Claim)
$685,000.00 * 6 2/3% = $45,666.67   (Verdict, Section 31-51m Claim)
$456,666.67 * 6 2/3% = $30,444.44   (Original Attorneys' Fees Award)
$468,843.80 * 6 2/3% = $31,256.25   (Original Punitive Damages Award)
_____
$153,034.03   (Total as result of 6 2/3% increase)

Defendant appealed the Section 31-51q verdict and the award of punitive damages, but

---

[3] Plaintiff calculated costs as $20,194.19. Subtracting these costs before multiplying by 40% causes the $8,077.67 disparity.

not the Section 31-51m claim. Accordingly, plaintiff's attorneys neither performed additional appellate work nor risked losing their 1/3 contingency fee on the Section 31-51m judgment of $685,000.00. Furthermore, only half of the original attorneys' fees award was implicated in the appeal. Thus, the question becomes: Should a plaintiff recover enhanced attorneys' fees based on appeal for portions of the judgment that were not appealed? A related question, which the Court will not address here, is: If not, should a plaintiff's attorneys be able to charge their client enhanced appeal contingency rates for those portions of a judgment that were not appealed?

**Fees On Fees**

If courts are to award plaintiffs the true cost of their contingent attorneys' fees when those fees are included as part of the overall monetary recovery before calculating the contingent fees, the following formula can be used, where X is the actual awarded ratio and R is the agreed upon contingency rate:

$$X = 1/(1-R) - 1$$

For example, where the attorneys' fees are included as part of the "gross recovery," and 1/3 is the agreed upon contingency rate, we can solve for X to find the ratio that will actually cover the cost of attorneys' fees.

$$X = 1/(1-1/3) - 1$$
$$X = 1/(2/3) - 1$$
$$X = 1.5 - 1$$
$$X = .5$$

From this we see that covering a 1/3 contingent fee based on a gross recovery that includes the fee itself requires a court to grant an award of 1/2 of the pre-contingent fee recovery.

Take, for example, a $300 pre-contingent fee judgment. A simple 1/3 contingent fee would result in an attorneys' fees award of $100. However, after the $100 is added to the $300 judgment to arrive at the amount of gross recovery, the attorneys' fees grow to 1/3 of $400, or approximately $133.33. Obviously, the $100 attorneys' fees award doesn't cover the entire $133.33 in attorneys' fees. If the Court were instead to award $133.33, the problem would remain because the additional $33.33 will result in a corresponding $11.11 of additional attorneys' fees. As the above formula demonstrates, X, the actual award ratio, approaches a limit. In the case of a 1/3 contingency, that limit is 1/2.

Applying the 1/2 ratio to our $300 pre-contingency fee judgment example produces an attorneys' fees award of $150. Even after the $150 is added to the $300 judgment to arrive at the gross recovery of $450, the 1/3 contingency fee results in a matching $150. Thus, the defendant will have actually paid the amount of attorneys' fees for which the plaintiff is responsible, leaving plaintiff with the entire pre-fee award.

Plaintiff's attorneys have rejected the idea that they are entitled to the use of the above "fees on fees" formula, yet they now attempt to collect fees on their fees. Plaintiff's original Motion for Attorneys' Fees [Doc. #238-1] states: "Plaintiffs are not seeking an enhanced award of fees based on the so-called 'fees on fees' formula that was rejected by Judge Carl Schuman in Burrell v. Yale, 2005 WL 1670613." Plaintiff's Supplemental Memorandum of Law in Support of Her Motion for Appellate Attorneys' Fees [Doc. #286] again tries to distance itself from Burrell: "Contrary to Pfizer's claims, this matter is distinguishable from Burrell v. Yale. Ultimately, in Burrell, the court found that the request for fees from the Madsen & Prestley firm actually exceeded the contingency fee in the agreement and amounted to a 50% contingency fee."

As demonstrated above, all 1/3 contingency agreements that include attorneys' fees in the recovery prior to applying the contingency rate require a 1/2 contingency award if the defendant is to be held responsible for all of the plaintiff's attorneys' fees. Here, despite their contrary assertions, plaintiff's attorneys are seeking an enhanced award of fees based on this so-called "fees on fees" formula.

The Court finds that plaintiff should not be awarded fees on the attorneys' fees for the portion of the contingency fee unconnected to the appeal (the 33 1/3% rate). Therefore, plaintiff is not entitled to apply their original trial court contingency rate of 33 1/3% to the original award of attorneys' fees. The Court will award only the additional 6 2/3% (40% - 33 1/3%) as applied to the original award. Moreover, defendant should not be responsible for enhanced attorneys' fees applied to portions of the original judgment that were not appealed.

Defendant appealed the Section 31-51q verdict and the award of punitive damages but not the Section 31-51m claim. Accordingly, plaintiff's attorneys neither performed additional appellate work nor risked losing their 1/3 contingency fee on the Section 31-51m judgment of $685,000.00. Defendant argues that only half of the original punitive damages award was implicated in the appeal, but the Court disagrees. All punitive damages were awarded pursuant to the Section 31-51q claim, which provides that an employer "shall be liable to such employee for damages caused by such discipline or discharge, including punitive damages." Conn. Gen. Stat. Ann. §31-51q. Section 31-51m contains no analog, so all punitive damages were subject to the appeal. As such, plaintiff should be awarded enhanced attorneys' fees only for (1) the attorneys' fees, (2) the Section 31-51q verdict, and (3) the corresponding punitive damages that were subject to appeal as follows:

| | | |
|---|---|---|
| $228,333.36 (1/2 of attorneys' fees (31-51q claim)) | * 6 2/3% | = $15,222.23 |
| $685,000.00 (Verdict on 31-51q claim) | * 6 2/3% | = $45,666.67 |
| $468,843.80 (Punitive damages) | * 6 2/3% | = $31,256.25 |
| | | + |
| | Total = | $92,145.15 |

Coincidently, this total appellate fee award of $92,145.15 closely approximates the $94,543 amount that plaintiff originally requested based on the lodestar method of multiplying hours worked by a reasonable hourly rate. The Court will also award plaintiff the remaining $6,577.06 in unpaid costs. Finally, plaintiff is entitled to post-judgment interest at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System for the calendar week preceding the date of the judgment. See 28 U.S.C. § 1961(a).

## CONCLUSION

For the foregoing reasons, plaintiff's motion for attorneys' fees and post judgment interest is GRANTED in part and DENIED in part. Plaintiff is hereby awarded $92,145.15 in attorneys' fees and $6,577.06 in unpaid costs. Finally, plaintiff is entitled to postjudgment interest as governed by federal statute.

Dated this 6th day of September, 2013, at Bridgeport, Connecticut.

_____/s/_____
WARREN W. EGINTON
SENIOR UNITED STATES DISTRICT JUDGE